# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RICHARD L. BROWN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 21-CV-00107-SRB |
| SUSAN L. BROWN-THILL, | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff Richard L. Brown's ("Plaintiff") pro se Motion to Accept 2nd Amended Petition to Enforce an Arbitration Agreement (Doc. #26) and Defendant Susan L. Brown-Thill's ("Defendant") Motion to Dismiss Plaintiff's First Amended Petition to Enforce Arbitration (Doc. #15). For the reasons stated below, Plaintiff's motion is DENIED, and Defendant's motion is GRANTED. However, the Court will deny Defendant's request for attorney's fees and costs.

## I. BACKGROUND

On February 16, 2021, Plaintiff filed this lawsuit pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et. seq., to enforce an arbitration agreement between Plaintiff and Defendant.[1] According to the First Amended Petition ("FAP"),[2] Plaintiff and Defendant entered into partnership agreements regarding control of three family partnerships, 7219 Metcalf LP, 7219 Metcalf LP II, and Normand Properties LP (collectively, the "Family Limited Partnerships").

---

[1] The dispute between Plaintiff and Defendant is extensive and dates back well over a decade. This Order only discusses the facts necessary to resolve the instant motions. Additional relevant facts are discussed in Section III.

[2] While the Federal Rules of Civil Procedure use the terminology "complaint," the Court uses the term "petition" to comport with the language of 9 U.S.C. § 4. The Court finds the use of "petition" versus "complaint" makes no substantive difference to its analysis, and no party has argued to the contrary.

Plaintiff alleges that "[d]isputes exist over [Plaintiff's] claims of [Defendant's] breaches of fiduciary duties in the administration of [the Family Limited Partnerships] and the provision of partnership accounting and other information about them." (Doc. #14, ¶ 7.) The relevant arbitration clause of the partnership agreements provides:

> All existing and future disputes and controversies between the parties . . . capacities as co-owners, partners or members of any business entity including, without limitation, [the Family Limited Partnerships], which arise out of or relate to the administration and investment of the trust, partnerships, and assets of the Eugene D. Brown and Saurine L. Brown estates,[3] the payment of estate taxes of such estates, or the division of assets of such estates shall be submitted to binding arbitration.

(Doc. #14, ¶ 8.) Plaintiff also requests the Court replace the currently designated arbitrator, Richard McLeod.

Defendant moved to dismiss the FAP pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In that motion, Defendant argues that the FAP fails to establish subject matter jurisdiction because the amount in controversy is less than $75,000. Defendant further argues Plaintiff fails to state a claim upon which relief can be granted because the doctrine of collateral estoppel bars Plaintiff's claims. Defendant also requests an award for attorney's fees and costs.

In response to Defendant's motion to dismiss, Plaintiff filed a motion for leave to file a second amended petition ("SAP") pursuant to Federal Rule of Civil Procedure 15(a). Plaintiff argues "Defendant's expansive concerns have been addressed[.]" (Doc. #26, p. 2.)[4] Defendant opposes the motion to amend, arguing the amendment is futile for the same reasons the FAP should be dismissed.

---

[3] Eugene and Saurine Brown are the deceased parents of Plaintiff and Defendant.

[4] All page numbers refer to pagination automatically generated by ECF.

## II. LEGAL STANDARD

### A. 15(a) Motion to Amend

Rule 15(a)(2), applicable here, provides that "[t]he court should freely give leave [to amend] when justice so requires." "Denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (citations, quotation marks, and alterations omitted). "Amendment is futile if the proposed amended complaint does not establish a court's subject matter jurisdiction over the action." *Walker v. Harmon*, No. CIV. 15-5037-JLV, 2016 WL 5376185, at *4 (D.S.D. Sept. 26, 2016) (citation and quotation marks omitted). Amendment is also futile "if the amended claim could not withstand a motion to dismiss under Rule 12(b)(6)." *Hillisheim*, 897 F.3d at 955 (citation and quotation marks omitted).

### B. 12(b)(1) Subject Matter Jurisdiction

Rule 12(b)(1) provides for the dismissal of a claim when the Court lacks subject matter jurisdiction. "The Federal Arbitration Act provides that a party aggrieved by the failure of another party to arbitrate under a written agreement may petition for an order compelling arbitration." *CMH Homes, Inc. v. Goodner*, 729 F.3d 832, 835 (8th Cir. 2013) (citing 9 U.S.C. § 4). "A district court may consider the petition if, 'save for' the arbitration agreement, it would have jurisdiction under Title 28 in a civil action 'of the subject matter of a suit arising out of the controversy between the parties.'" *Id.* (quoting 9 U.S.C. §4). "The Act itself confers no federal jurisdiction, but instead requires an independent jurisdictional basis." *Id.* (citation and quotation marks omitted).

Federal diversity jurisdiction, the source of jurisdiction Plaintiff asserts here, exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states[.]" 28 U.S.C. § 1332(a)(1). To resolve a jurisdictional question on a petition to enforce arbitration, the Court must "consider whether the amount in controversy . . . satisfies the jurisdictional minimum by looking through to the 'entire, actual controversy between the parties, as they have framed it.'" *CMH*, 729 F.3d at 837-38 (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 66 (2009)). "[T]he complaint will be dismissed if it appears with legal certainty that the claim is really for less than the jurisdictional amount." *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994) (citation, alteration, and quotation marks omitted). "[T]he party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Nauden v. Stearns*, No. 05-CV-479 CAS, 2005 WL 3143742, at *1 (E.D. Mo. Nov. 23, 2005) (citation omitted).

### C. 12(b)(6) Failure to State a Claim

Rule 12(b)(6) provides that a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). A pro se complaint is construed "liberally, but the complaint must still allege sufficient facts to support the claims advanced." *Sandknop v. Missouri Dep't of Corr.*, 932 F.3d 739, 741 (8th Cir. 2019).

### III. DISCUSSION

#### A. Plaintiff's Motion for Leave to File Second Amended Petition

##### 1. Subject Matter Jurisdiction: Amount in Controversy

Plaintiff argues the concerns discussed in Defendant's motion to dismiss are addressed in the SAP, and thus the Court should allow Plaintiff to file the amendment. Defendant argues amendment is futile because the SAP fails to show the Court has diversity jurisdiction, and therefore is subject to dismissal under Rule 12(b)(1). The Court agrees with Defendant.

According to the SAP, the actual controversy is whether Defendant breached her fiduciary duties and duty of care she owed to the Family Limited Partnerships. Defendant argues Plaintiff fails to establish the amount in controversy because those claims have been decided in prior cases. Upon review of the record, the Court finds that various Missouri Court Orders have already resolved Plaintiff's claims, and therefore it appears with legal certainty that the claims are less than the requisite jurisdictional amount.

In 2016, a Missouri Probate Court entered a Judgment ordering a final distribution of the assets of the Eugene D. Brown and Saurine L. Brown Trusts, and approving a final accounting of the Brown Family Estate, which included the Family Limited Partnerships at issue in this case (the "2016 Probate Order"). (Doc. #16-2.)[5] The 2016 Probate Order rejected Plaintiff's allegations that "Cooper[6] and [Defendant] violated their duty to account by 'refusing to provide [Plaintiff] detailed information about the assets and liabilities of the [Eugene] Trust, including but not limited to refusing to provide access to QuickBooks accounts of the Trust or family

---

[5] In addressing a motion to dismiss, the Court "may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011). The Court finds the Missouri Court Orders are matters of public record and properly considered at this stage of the litigation.

[6] While not a party to this case, in the SAP, Plaintiff mentions Cooper as "the partnership attorney" who Defendant allegedly aligned with to defraud Plaintiff. (Doc. #26-1, ¶¶ 67, 90.)

limited partnerships." (Doc. #16-2, p. 70.)  Most, if not all, of Plaintiff's claims in this case arise out of the allegation that he was denied access to the Trust and Partnerships' accounting. The 2016 Probate Order similarly rejected Plaintiff's claims that Defendant charged the Family Limited Partnerships unnecessary fees, or that Plaintiff failed to prudently administer the Partnership, which are the same claims Plaintiff asserts in this case. (Doc. #16-2, pp. 69-70.)  As a result, it appears that any claim asserted by Plaintiff is for less than $75,000.

Plaintiff attempts to establish jurisdiction in this case by citing a 2011 federal case, in which that court had diversity jurisdiction, between Plaintiff and Defendant regarding the same arbitration agreement.  Plaintiff also attaches to the SAP several documents from 2007 to 2015 which purportedly show that the Family Limited Partnerships were worth millions of dollars. However, the Court agrees with Defendant that these past evaluations of the Family Limited Partnerships "do[] not equate to the amount in controversy in this 2021 litigation." (Doc. #27, p. 4.)  Plaintiff also does not respond to Defendant's argument that "the partnerships are not even worth $75,000 because the partnership assets have already been largely distributed consistent with the Missouri State Court's Order Approving Partnership Resolutions." (Doc. #16, p. 8.) Looking through the SAP to the actual controversy, Plaintiff has not met his burden of establishing the requisite amount in controversy.  Amendment is therefore futile, and Plaintiff's request to do so is denied.

### 2. Failure to State a Claim

Even if the Court had subject matter jurisdiction over the SAP, Defendant argues the amendment is futile because Plaintiff's claims are barred by the doctrine of collateral estoppel.

In response, Plaintiff alleges in the SAP that the issues have not yet been decided on the merits. The Court agrees with Defendant.[7]

In diversity cases, the Court must apply "state substantive law in deciding whether to apply collateral estoppel or issue preclusion[.]" *Ideker v. PPG Indus., Inc.*, 788 F.3d 849, 852 (8th Cir. 2015). "Collateral estoppel, or issue preclusion, bars relitigation of an issue already decided in a different cause of action." *Id.* (quoting *Derleth v. Derleth*, 732 S.W.3d 771, 774 (Mo. App. W.D. 2014)). In deciding whether collateral estoppel applies to this case, the Court must consider:

> (1) whether the issue decided in the prior adjudication was identical to the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom estoppel is asserted was a party or was in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

*Royal Ins. Co. of Am. V. Kirksville Coll. Of Osteropathic Med., Inc.*, 304 F.3d 804, 807 (8th Cir.2002) (quoting *James v. Paul*, 49 S.W.3d 678, 682 (Mo. banc 2001)).

Here, the Court finds collateral estoppel applies to Plaintiff's SAP. As previously discussed, the 2016 Probate Order decided identical issues presented in the present action, which, after a trial, resulted in a judgment on the merits. Plaintiff was a party to that prior adjudication. Plaintiff was afforded a full and fair opportunity to litigate the issues in the prior suit. On appeal, the Missouri Court of Appeals affirmed the 2016 Probate Order, noting, "It would be impossible not to notice that a shocking amount of time, money, and personal anguish has been expended as a result of the 'scorched earth' approach the parties have taken in this litigation. We are of the opinion that a final conclusion will be a blessing to all concerned." (Doc. # 16-4, p. 27.) No

---

[7] Because the Court finds Plaintiff's case is barred by the collateral estoppel, the Court need not address the parties' arguments concerning the law-of-the-case doctrine.

7

Case 4:21-cv-00107-SRB   Document 29   Filed 08/12/21   Page 7 of 10

doubt exists that the 2016 Probate Order was meant to end litigation between the parties regarding the Trusts and Family Limited Partnerships.

Despite the 2016 Probate Order, Plaintiff filed numerous subsequent cases against Defendant in Missouri state court, again asserting identical claims as the ones in this case. For example, in 2019, Plaintiff filed a "Petition to Enforce Mandatory Arbitration of Partnership Disputes" which involved the same issues as the present case. (Doc. #16-5.) The Missouri Probate Court granted Defendant's motion to dismiss, which asserted the defenses of *res judicata* and collateral estoppel. (Doc. #16-6; Doc. #16-7.) As a result of the Plaintiff's vexatious conduct, that same court entered a broad injunctive order barring Plaintiff from:

> pursuing further litigation against the Trustee of the Eugene D. Brown Trust, the Trustee of the Saurine L. Brown Trust, *or any other individual or entity in connection with the disposition, accounting, or handling of the assets held by either the Eugene D. Brown trust, the Saurine L. Brown Trust*, and for such other relief as the Court deems just and equitable.

(Doc. #16-1, p. 3) (emphasis added). In January 2021, Plaintiff was found in violation of that 2019 Injunction Order when he again filed another "Petition to Enforce Arbitration" against Defendant, which the Missouri Court dismissed with prejudice and entered sanctions against Plaintiff. (Doc. #16-11.)

Plaintiff argues these state cases were dismissed without prejudice, but the dismissal orders were clearly with prejudice. Plaintiff also attempts to argue that these prior cases were only regarding Trust assets, not the Family Limited Partnerships, and that this case addresses unique issues. For instance, in his reply brief, Plaintiff argues one unique issue in this case is that "Defendant has not presented anywhere, including to this court, the Generally Accepted Accounting required." (Doc. #28, p. 12.) However, his 2019 petition sought the "resolution of the continuing dispute arising from [Defendant's] non-response to [Plaintiff's] request for

Generally Accepted Partnership Accounting, 2007 to present." (Doc. #16-5, p. 3.) The Court is not persuaded by Plaintiff's patently false arguments.

Accordingly, Plaintiff's SAP is collaterally estopped, would not survive Defendant's 12(b)(6) motion to dismiss, and is therefore futile. In turn, Plaintiff's motion to amend is also denied for failure to state a claim for which relief may be granted.

### B. Defendant's Motion to Dismiss

The Court now turns to Defendant's motion to dismiss, which Plaintiff has not responded to beyond filing the SAP. The Court finds the FAP fails to establish subject matter jurisdiction and fails to state a claim for the same reasons the Court finds the SAP is futile. In turn, the motion to dismiss is granted.

### C. Attorney's Fees and Costs

Defendant requests the Court hold Plaintiff in contempt for violating the Injunctive Order and award Defendant attorney's fees and costs. "It is well-settled that attorneys' fees may not be recovered by a prevailing party in the absence of statutory authority. *Am. Fed. of Musicians, Local 2-197, AFL-CIO v. St. Louis Symphony Soc.*, 203 F.3d 1079, 1081 (8th Cir. 2000) (citation omitted). However, an exception to that general rule allows a court to award attorney's fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 258–59 (1975). Courts should award attorney's fees "only when extraordinary circumstances or dominating reasons of fairness so demand." *Actors' Equity Ass'n v. Am. Dinner Theater Inst.*, 802 F.2d 1038, 1042 (8th Cir.1986).

Upon review of the record, while a close call, the Court declines to exercise its jurisdiction to award Defendant attorney's fees and costs in this case. However, the Court

9

cautions Plaintiff that further filings in violation of the Injunctive Order may subject him to sanctions.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Accept 2nd Amended Petition to Enforce an Arbitration Agreement (Doc. #26) is DENIED.

It is **FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Petition to Enforce Arbitration (Doc. #15) is GRANTED, and this case is dismissed. However, Defendant's request for attorney's fees and costs is denied.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: August 12, 2021